**[Cite as *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-645.]**

| | |
|---|---|
| ANTHONY VIOLA | Case No. 2020-00506PQ |
| Requester | Judge Dale A. Crawford |
| v. | <u>DECISION AND ENTRY</u> |
| CUYAHOGA COUNTY PROSECUTOR'S OFFICE | |
| Respondent | |

{¶1} Requester Anthony Viola objects to a special master's report and recommendation in this public-records dispute.

## I. Background

{¶2} Viola made a public-records request to Respondent Cuyahoga County Prosecutor's Office (Prosecutor's Office) in which he sought emails from former Assistant Cuyahoga County Prosecutor Dan Kasaris. On August 18, 2020, Viola brought a lawsuit in this Court against the Prosecutor's Office. Viola stated in the complaint: "Former Assistant Cuyahoga County Prosecutor Dan Kasaris utilized his personal Yahoo email account to communicate with government witness Kathryn Clover, but the Prosecutor's Office refused to search this email account for records responsive to a public records request." The Clerk of this Court appointed a special master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the Court returned the case to the special master's docket.

{¶3} On January 7, 2021, the special master issued a report and recommendation (R&R). The special master found that, on the facts and evidence, "Viola has not shown that the manner in which the Prosecutor's Office processed his requests violated R.C. 149.43(B). Further, none of the materials submitted by Viola persuade the special master that an *in camera* inspection of the email in Kasaris'

personal account is required.  Weighing the evidence submitted, the special master finds that Viola has not met his burden to prove by clear and convincing evidence that any additional records of the Prosecutor's Office exist in Kasaris' personal email account."  (R&R, 7.)  The special master concluded: "Based on the pleadings, affidavits, and documents submitted in this action, the special master recommends the court find that [Viola] has not shown that [the Prosecutor's Office] violated R.C. 149.43(B).  It is recommended that costs be assessed to [Viola]."  (R&R, 7.)

{¶4} On January 21, 2021, Viola filed written objections to the R&R.  Five days later the Prosecutor's Office filed a response to Viola's objections.

## II.  Law and Analysis

{¶5} R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation.  Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested.  The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶6} Although Viola's certificate of service represents that he did not send a copy of his written objections to the Prosecutor's Office by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2) in the interest of justice, the Court will consider Viola's objections, despite the procedural irregularity.

{¶7} According to R.C. 2743.75(F)(2), any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection."  Viola presents three objections for the court's consideration:

**OBJECTION # 1: The Magistrate failed to address the Issue of Mr. Kasaris' Second Official Email Account.**

Viola states in Objection # 1:

During this litigation, the undersigned discovered that Mr. Kasaris had TWO official, government accounts at the Cuyahoga County Prosecutor's Office that he utilized for sending emails:

DKasaris@CuyahogaCounty. us

And

P4DSK@CuyahogaCounty.us

Information concerning this second account was were [sic] previously provided in this litigation, but are attached hereto for the Convenience of the Court as Exhibit A. No emails from that second account were ever provided, nor has the Respondent explained why officials utilized multiple accounts, or why emails from the "P4DSK" account could not be produced.

Requestor respectfully requests This Court return this matter to the Magistrate with instructions to further review this issue, which has not yet been addressed by the Court.

(Objections.)

{¶8} Exhibit A, which Viola appended to his objections, is a copy of an email to Amy Dalton, which is dated November 25, 2020. (The organization to which Dalton is affiliated is not identified in the email.) The date of the email is after the filing date of the complaint. The complaint is the operative pleading in this case. Viola concedes in Exhibit A that an attachment to the email of Exhibit A is a "hard to read" screen shot. The Court finds the screen shot is "hard to read." The Court is unable to discern an email address of P4DSK@CuyahogaCounty.us in the screen shot in Exhibit A.

{¶9} The Court determines that Objection # 1 should be overruled.

{¶10} Because Viola's second and third objections are interrelated, the Court shall address them together.

**OBJECTION # 2: The Magistrate's report failed to address the fact that Yahoo Emails were tied to the Kasaris Official Email Account, according to official records provided by the Cuyahoga County Prosecutor's Office.**

**OBJECTION # 3: The Magistrate's Report Failed to Address Admissions by Daniel Kasaris that He Previously Utilized his Yahoo E Mail Account with an Official Signature for Official Business nor has the Magistrate Determined Whether or Not Emails between a Prosecutor and a Government Witness Constitute Public Records.**

{¶11} The special master reviewed the facts and evidence and the special master made findings based on a review of the facts and evidence.  (R&R, 7.)  The special master noted:

> In support of his claim, Viola submitted a short string of exemplars from the danieljkasaris@yahoo.com account * * * However, Viola does not point to any action, decision, or other activity recorded in these emails that documents the official duties or activities of Kasaris as an assistant prosecuting attorney, and none is independently apparent to the special master. The exemplars appear to be entirely personal in nature. Viola has also filed what appear to be some of the emails from Kasaris' office account that were provided to Viola by the Prosecutor's Office. * * * None are probative of whether additional office records exist in Kasaris' personal email account. Viola points to no gaps in these criminal case file communications that would imply the existence of missing correspondence. Finally, Viola has filed additional documents and affidavits that are either duplicates of previous filings, irrelevant, or gratuitously salacious.

(R&R 6.)

{¶12} After the special master weighed the evidence, the special master found that Viola had not met his burden to prove by clear and convincing evidence that any additional records of the Prosecutor's Office exist in Kasaris' personal email account. (R&R, 7.)

{¶13} Viola's contentions that the report and recommendation failed to address the fact that Yahoo emails were tied to Kasaris' official email account, (Objection # 2), and that report and recommendation failed to address Kasaris' purported admissions that he previously utilized his Yahoo email account for official business (Objection # 3) are not well-taken based on a plain reading of the R&R.

{¶14} The Court determines that Objection # 2 and Objection # 3 should be overruled for lack of merit.

### III. Conclusion

{¶15} For reasons set forth above, the Court OVERRULES Viola's objections of January 21, 2021. The Court adopts the special master's R&R of January 7, 2021. Judgment is rendered in favor of the Prosecutor's Office. Court costs are assessed to Viola. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

DALE A. CRAWFORD
Judge

Filed February 2, 2021
Sent to S.C. Reporter 3/8/21